**E-FILED**
Tuesday, 04 August, 2009  02:08:35 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BRIAN D. RITCHIE,<br>16309 E. 400 North Road<br>Heyworth, IL   61745<br><br>     Plaintiff,<br><br>ILLINOIS CENTRAL RAILROAD<br>COMPANY d/b/a CANADIAN<br>NATIONAL/ILLINOIS CENTRAL<br>RAILROAD COMPANY<br><br>Serve:      CT Corporation System<br>          208 S. LaSalle Street, Suite 814<br>          Chicago, IL 60604-1101<br><br>     Defendant. | )<br>)<br>)<br>)<br>)<br>)  No.:_____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  **JURY TRIAL DEMANDED**<br>) |

## PLAINTIFF'S COMPLAINT

### COUNT I
### (Negligence)

COMES NOW Plaintiff, Brian Ritchie, by and through his attorneys, O'Brien Chod,

L.L.C. and for his Complaint against the Defendant, Illinois Central Railroad Company d/b/a

Canadian National/Illinois Central Railroad Company, states the following:

1.      That at all times herein, Plaintiff was and is a resident of the State of Illinois.

2.      That at all times herein Defendant, Illinois Central Railroad Company d/b/a

Canadian National/Illinois Central Railroad Company ("CN/IC"), was and is a corporation

organized and existing according to law, conducting business as a common carrier by railroad in

and through interstate commerce with facilities, tracks and employees located in and through

several states, including the State of Illinois.   At the time of commencement of this action,

Defendant received, accepted and transported various shipments of freight in and through the

State of Illinois, including both intrastate and interstate commerce, and maintained offices and

agents for the transaction of its business in said State.

        3.       That at all times material herein, Defendant, CN/IC, was an interstate carrier by

rail and was engaged in interstate transportation and commerce; that from approximately August

20, 1978 through the present, Plaintiff was and has been employed by Defendant and/or one of

Defendant's predecessor railroads as a switchman, brakeman and/or conductor in and out of the

state of Illinois and as such, was working and engaged in interstate transportation and commerce

at the time of the occurrences hereinafter set forth, and at such times was working in the

furtherance of Defendant CN/IC's interstate commerce, and in work which directly, closely and

substantially affected the general interstate commerce carried on by said Defendant as a railroad.

        4.       That on or about December 12, 2008, while working in the course and scope of

his railroad employment with Defendant in and around Decatur, Illinois, Plaintiff seriously

injured his right knee as a result of slipping on hazardous conditions, including ice, on

Defendant's walkway in Defendant's yard.

        5.       That this Honorable Court has jurisdiction over Defendant CN/IC pursuant to the

Federal Employers' Liability Act ("FELA"), 45 U.S.C.§ 51, et seq., and that Plaintiff has

commenced this action in a timely manner pursuant to 45 U.S.C. § 56.

        6.       That pursuant to the FELA, 45 U.S.C. § 51, et seq., Defendant CN/IC had a duty

to provide Plaintiff with a reasonably safe place to work, reasonably safe equipment and

appliances, reasonably safe locomotives, and a duty to exercise ordinary care in connection with

the maintenance, management and inspection of its properties, facilities, locomotives, appliances

and equipment Plaintiff was required to work at and with Defendant.

        7.       That Defendant CN/IC breached its aforementioned duties of care, and was

negligent in one or more of the following particulars:

(a)    Defendant failed to provide Plaintiff with a reasonably safe place to work;

(b)    Defendant failed to provide Plaintiff with reasonably safe conditions to work;

(c)    Defendant failed to provide Plaintiff with reasonably safe equipment and appliances for work;

(d)    Defendant failed to warn and/or adequately warn Plaintiff of the unsafe conditions;

(e)    Defendant allowed and permitted a dangerous and/or hazardous condition to exist at the location where Plaintiff was required to work;

(f)    Defendant failed to adopt, implement, install enforce and/or carry out safe customs, methods, procedures and practices for inspecting, maintaining, and/or repairing the area where Plaintiff was injured;

(g)    Defendant failed to comply with Illinois Administrative Code, Title 92, Chapter III, Subchapter c, Part 1546, et seq.; and/or

(h)    Defendant failed to comply with 49 C.F.R. 213.

8.    That Plaintiff's injuries were due, in whole or in part, to one or more of Defendant CN/IC's aforementioned negligent acts or omissions, as well as other acts of negligence, in violation of the FELA, 45 U.S.C.§ 51, et seq.

9.    That as a result of one or more of the Defendant's aforementioned negligent acts or omissions, in whole or in part, Plaintiff sustained serious injuries and/or aggravation, acceleration and/or exacerbation of pre-existing conditions to his right knee with injuries, bruising, straining, spraining, tearing, twisting and herniation and to the soft tissues, ligaments,

tendons, muscles, cartilages, discs, bones, blood vessels, and nerves of his right hip, right lower extremity and back and spine, all of which have resulted in severe pain, limitation of motion, loss of function, sensory changes, neurological damage, dysfunction and scaring, resulting in Plaintiff suffering great bodily and emotional pain and damages, as well as loss of enjoyment of life, and Plaintiff will continue to suffer such pain and damages in the future.

10.    That as a result of one or more of the Defendant's aforementioned negligent acts or omissions, in whole or in part, Plaintiff he has sought and received medical, hospital, surgical, and therapeutic care and treatment and will continue to receive such additional care and treatment in the future; that he has expenses for his medical, hospital, surgical, and therapeutic care and treatment and will continue to incur such additional expenses in the future; and that he has sustained a substantial loss of wages and fringe benefits in the past and will continue to sustain a loss of wages and fringe benefits into the future; all to his damage.

11.    Plaintiff further states that as a direct result of the foregoing his ability to work and labor has been impacted and impaired.

WHEREFORE, Plaintiff Brian Ritchie respectfully prays that judgment be entered against Defendant, Illinois Central Railroad Company d/b/a Canadian National/Illinois Central Railroad Company, on Count I of his Complaint in an amount that is fair and reasonable for the damages and losses suffered, together with all costs and disbursements, all in excess of Seventy Five Thousand Dollars ($75,000.00).

## COUNT II

12.    Plaintiff re-alleges, restates and incorporates herein by reference as though fully set verbatim at this point the allegations of Paragraphs (1) through (3) and Paragraphs (5) and (6) of Count I of Plaintiff's Complaint.

13.    That throughout the course and scope of the Plaintiff's railroad employment with Defendant, Plaintiff was furnished and required to work on, in and operate locomotives with inadequate, unsupportive, and/or defective cab seats and/or suspension systems, resulting in significant and excessive motion, lateral motion, and vibration to the Plaintiff which subjected Plaintiff to continuous, frequent and/or repetitive stress, strain, impact, jarring, thrusting, bouncing, vibration and whole-body vibration; that Plaintiff was required to work on, in and operate locomotives with engine cabs and seats requiring Plaintiff to perform his work in twisted, awkward, bent forward, contorted and/or ergonomically unsound and compromised positions; that Plaintiff was required to work on, in and operate locomotives for long distances over defective, deteriorating rough, and/or worn tracks; that Plaintiff was required to perform his work which involved operating, throwing, pushing and/or pulling difficult, stuck, defective and/or inadequate railroad track switches and hand brakes; that Plaintiff had to lift, move, handle and/or carry heavy objects, tools and/or equipment;    that Plaintiff was required to repetitively climb up and down ladders; mount and dismount moving equipment; hold onto and hang off of railcars; walk and work on unstable, loose, large and excessively large ballast and rock; and otherwise engage in work activities which resulted in the continuous, frequent and/or repetitive traumatic and cumulative traumatic exposes to Plaintiff's spine and bilateral lower extremities.

14.    That Defendant CN/IC breached its aforementioned duties of care, and was negligent in one or more of the following particulars:

(a)    Defendant failed to provide Plaintiff with a reasonably safe place to work;

(b)    Defendant failed to provide Plaintiff with reasonably safe conditions and methods for work;

(c)    Defendant failed to provide Plaintiff with reasonably safe equipment;

(d)    Defendant failed to maintain its tracks in a reasonably safe condition;

(e)    Defendant failed to maintain its tools and/or equipment in a reasonably safe condition;

(f)    Defendant failed to warn and/or properly warn Plaintiff;

(g)    Defendant allowed and permitted dangerous and/or hazardous conditions to exist with which its employees were required to work;

(h)    Defendant failed to adopt, implement, install enforce and/or carry out safe customs, methods, procedures and practices for inspecting, maintaining, and/or repairing its equipment, appliances, tools, tracks and/or locomotives;

(i)    Defendant failed to warn, educate and advise and/or adequately warn, educate and/or advise Plaintiff that whole-body vibration and excessive lateral and vertical motion related to the operation of Defendant's locomotives could cause harm;

(j)    Defendant allowed, required and permitted dangerous and/or hazardous work methods and procedures to exist of which its employees were required to engage in while performing work for Defendant.

15.    That Plaintiff's injuries were due, in whole or in part, to one or more of Defendant CN/IC's aforementioned negligent acts or omissions, as well as other acts of negligence, in violation of the FELA, 45 U.S.C. § 51, et seq.

16.    That as a result of one or more of the Defendant's aforementioned negligent acts or omissions, in whole or in part, Plaintiff sustained injuries and will continue to suffer injuries and/or aggravation, acceleration and/or exacerbation of pre-existing conditions regarding his bilateral upper extremities, specifically including carpal tunnel syndrome and cubital tunnel

syndrome, with vibration, injuries, bruising, straining, spraining, tearing, twisting and herniation and to the soft tissues, ligaments, tendons, muscles, cartilages, discs, bones, blood vessels, and nerves of his bilateral upper extremities, specifically including carpal tunnel syndrome and cubital tunnel syndrome, all of which have resulted in severe pain, limitation of motion, loss of function, sensory changes, neurological damage, dysfunction and scaring, resulting in Plaintiff suffering great bodily, mental, psychological and emotional pain and damages, as well as loss of enjoyment of life, and Plaintiff will continue to suffer such pain, mental anguish and anxiety in the future.

17.    That as a result of one or more of the Defendant's aforementioned negligent acts or omissions, in whole or in part, Plaintiff he has sought and received medical, hospital, surgical, and therapeutic care and treatment and will continue to receive such additional care and treatment in the future; that he has expenses for his medical, hospital, surgical, and therapeutic care and treatment and will continue to incur such additional expenses in the future; and that he has sustained a substantial loss of wages and fringe benefits and will continue to sustain a loss of wages and fringe benefits into the future; all to his damage.

18.    Plaintiff further states that as a direct result of the foregoing his ability to work and labor has been and will forever be seriously impaired, diminished, lessened and lost.

19.    Less than three (3) years before this action was filed, Plaintiff discovered that he suffered from occupationally caused disabling cumulative trauma disorders to his bilateral upper extremities, specifically including carpal tunnel syndrome and cubital tunnel syndrome as a result of exposures to occupational cumulative trauma, and until such time, Plaintiff was reasonably ignorant as to same.

WHEREFORE, Plaintiff Brian Ritchie respectfully prays that judgment be entered against Defendant, Illinois Central Railroad Company d/b/a Canadian National/Illinois Central

Railroad Company, on Count II of his Complaint in an amount that is fair and reasonable for the

damages and losses suffered, together with all costs and disbursements, all in excess of Seventy

Five Thousand Dollars ($75,000.00).

**PLAINTIFF DEMANDS TRIAL BY JURY**

O'BRIEN CHOD, L.L.C.


/s/ Patrick S. O'Brien
PATRICK S. O'BRIEN #3127549
JEFFREY E. CHOD, #6287915
326 South 21st Street, Suite 306
St. Louis, Missouri   63103
(314) 621-7474 Telephone
(314) 621-7476 Facsimile
pobrien@obrienchod.com
jchod@obrienchod.com

ATTORNEYS FOR PLAINTIFF